IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALVAREZ-MEJIA, | |
|     Plaintiff, | CV F 05 0545 LJO WMW P |
|   vs. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND. AMENDED COMPLAINT DUE IN THIRTY DAYS** |
| JOHN DOE, et al., | |
|     Defendants. | |

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against correctional officials employed by the Department of Corrections at High Desert State Prison.

      Plaintiff's sole claim in this complaint is that Plaintiff "was unjustifiably accused and placed in Administrative Segregation." Plaintiff was placed in AdSeg because of his alleged participation in a riot between

1  Southern Hispanic and white inmates.  Plaintiff contends that there was
2  insufficient evidence upon which to place him in AdSeg.
3         To prevail, Plaintiff must establish that he had a liberty
4  interest in being free from being placed in the SHU. See  Sandin v. Conner,
5  515 U.S. 472, 487 (1995) (holding that a convicted inmate who had been
6  placed in disciplinary segregation in a prison's SHU for 30 days had no
7  cognizable procedural due process claim, because he had no liberty
8  interest in being free from such confinement); The Ninth Circuit explicitly
9  has found that administrative segregation falls within the terms of
10 confinement ordinarily contemplated by a sentence. See May v. Baldwin,
11 109 F.3d 557, 565 (9th Cir.1997).
12         Sandin v. Conner, 515 U.S. 472, 484 (1995) holds that a prisoner
13 has a federal liberty interest in being free from confinement changes that
14 impose an "atypical and significant hardship ... in relation to the ordinary
15 incidents if prison life."  The Ninth Circuit interprets Sandin to mean that
16 confinement in a disciplinary segregation unit for non-punitive reason
17 does not implicate a liberty interest because such segregation falls within
18 the terms of confinement ordinarily contemplated by a prison sentence,
19 May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), while placement in a
20 security housing unit (SHU) for disciplinary reasons implicates federal
21 liberty interests if conditions in the SHU materially differ from conditions
22 faced by inmates in purely discretionary segregation, such as
23 administrative segregation or protective custody, or if SHU conditions, as
24 compared with conditions in the general population, create a "major
25 disruption" in the prisoner's environment.  Resnick v. Hayes, 200 F.3d 641,
26

646 (9th Cir. 2000).  If plaintiff was not deprived of time credits as a result of the disciplinary hearing in question, the due process deprivation claim is deficient because the complaint does not include any facts that explain why the actions of any defendant caused plaintiff to be subjected to atypical and significant hardships, as compared to those hardships faced by other inmates.   The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

1 **alleged.**

2 **In accordance with the above, IT IS HEREBY ORDERED that:**

3 **1. Plaintiff's complaint is dismissed; and**

4 **2. Plaintiff is granted thirty days from the date of service of**
5 **this order to file a first amended complaint that complies with the**
6 **requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,**
7 **and the Local Rules of Practice; the amended complaint must bear the**
8 **docket number assigned this case and must be labeled "First Amended**
9 **Complaint."  Failure to file an amended complaint in accordance with this**
10 **order will result in a recommendation that this action be dismissed.**

12 IT IS SO ORDERED.

13 **Dated:    June 5, 2007**               /s/  William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE