IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS ALVAREZ-MEJIA,

    Plaintiff,                    CV F 05 0545 LJO WMW P

  vs.                              ORDER GRANTING LEAVE TO FILE
                                    A SECOND AMENDED COMPLAINT

D. CANO, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the June 29, 2007, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against correctional officials employed by the Department of Corrections at High Desert State Prison.

        In the order dismissing the first amended complaint, the Court noted the followng. Plaintiff's sole claim in this complaint is that Plaintiff "was unjustifiably accused and placed in Administrative Segregation." Plaintiff was placed in AdSeg because of his alleged participation in a riot between Southern Hispanic and white inmates. Plaintiff contends that there was insufficient evidence upon which to place him in AdSeg.

To prevail, Plaintiff must establish that he had a liberty interest in being free from being placed in the SHU. See Sandin v. Conner, 515 U.S. 472, 487 (1995) (holding that a convicted inmate who had been placed in disciplinary segregation in a prison's SHU for 30 days had no cognizable procedural due process claim, because he had no liberty interest in being free from such confinement); The Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997).

Sandin v. Conner, 515 U.S. 472, 484 (1995) holds that a prisoner has a federal liberty interest in being free from confinement changes that impose an "atypical and significant hardship ... in relation to the ordinary incidents if prison life." The Ninth Circuit interprets Sandin to mean that confinement in a disciplinary segregation unit for non-punitive reason does not implicate a liberty interest because such segregation falls within the terms of confinement ordinarily contemplated by a prison sentence, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), while placement in a security housing unit (SHU) for disciplinary reasons implicates federal liberty interests if conditions in the SHU materially differ from conditions faced by inmates in purely discretionary segregation, such as administrative segregation or protective custody, or if SHU conditions, as compared with conditions in the general population, create a "major disruption" in the prisoner's environment. Resnick v. Hayes, 200 F.3d 641, 646 (9th Cir. 2000). If plaintiff was not deprived of time credits as a result of the disciplinary hearing in question, the due process deprivation claim is deficient because the complaint does not include any facts that explain why the actions of any defendant caused plaintiff to be subjected to atypical and significant hardships, as compared to those hardships faced by other inmates. The complaint was therefore be dismissed. In response, Plaintiff filed the June 29, 2007, first amended complaint.

In the first amended complaint, Plaintiff allege facts that, liberally construed,

allege that Defendant D. Cano intentionally denied Plaintiff's request to be released from Administrative Segregation despite the knowledge that Plaintiff was innocent of the charges that originally justified his housing in Administrative Segregation.   Liberally construed, the first amended complaint alleges that Cano denied Plaintiff's release from Administrative Segregatin on the ground that Plaintiff is a Mexican national.

The first amended complaint therefore states a claim as to Defendant Cano on Plaintiff's allegation that he was retained in AdSeg based upon his ethnicity.  Should Plaintiff desire to proceed on the first amended complaint against Defendant Cano, he should notify the Court within thirty days.   The remaining claims and Defendants will be dismissed.

The Court will also grant Plaintiff a further opportunity to file a second amended complaint.  Should Plaintiff do so, he should file his second amended complaint within thirty days of the date of service of this order.  Should Plaintiff desire to proceed against Defendant Cano, the Court will send to Plaintiff a USM 285 form for service of process upon Defendant Cano.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, within thirty days of the date of service of this order, file either a second amended complaint or a notification of intent to proceed against Defendant Cano.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1 | In accordance with the above, IT IS HEREBY ORDERED that:
2 |     1.  Plaintiff's complaint is dismissed; and
3 |     2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   January 29, 2008**               /s/  **William M. Wunderlich**
                                                           UNITED STATES MAGISTRATE JUDGE